IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CR-173-RP |
| | § | |
| FRANCISCO MARTINEZ-SANCHEZ, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant's motion to dismiss the indictment with prejudice, (Dkt. 23), the government's motion to dismiss without prejudice, (Dkt. 29), and Defendant's Response, (Dkt. 30). Having reviewed the briefing, the record, and the applicable law, the Court will dismiss the indictment without prejudice.

## I. BACKGROUND

There is no factual dispute in this case. Defendant Francisco Javier Martinez-Sanchez ("Defendant" or "Mr. Martinez-Sanchez") was charged with illegal reentry under 8 U.S.C. § 1326 on April 25, 2018. (Dkt. 1). United States Magistrate Judge Mark Lane entered a temporary detention order under 18 U.S.C. § 3142(d) and scheduled a detention hearing and preliminary hearing for May 9, 2018. (Dkt. 6). Mr. Martinez-Sanchez was indicted and entered a guilty plea without a plea agreement before United States Magistrate Judge Andrew Austin on May 8, 2018. (Dkt. 16). Judge Austin submitted a report recommending that this Court accept the guilty plea and enter a final judgment of guilt. (Dkt. 17).

On May 10, 2018, Judge Austin held a bond hearing and released Mr. Martinez-Sanchez on a $10,000 unsecured bond. (Dkt. 19, 20). As a condition of his release, Mr. Martinez-Sanchez was ordered to appear before this Court when notified for his next appearance in this case. (Dkt. 19).

The same day, U.S. Customs and Immigration Enforcement ("ICE"), acting under the jurisdiction of the Department of Homeland Security ("DHS"), took Mr. Martinez-Sanchez into custody and deported him to Mexico. (Dkt. 23, at 2). Mr. Martinez-Sanchez's attorney advises the Court that "[a]t no point was Mr. Martinez-Sanchez released from custody." (*Id.*). Six days after Mr. Martinez-Sanchez was deported, this Court set sentencing for July 31, 2018. (Dkt. 21).

Mr. Martinez-Sanchez, through his counsel, now asks the Court to dismiss the indictment pending against him with prejudice because continuing prosecution after deportation would violate (1) the Bail Reform Act, (2) the specific release order entered in this case, (3) Mr. Martinez-Sanchez's constitutional right to counsel, right to confront witnesses, and right to be present and to allocute at sentencing, and (4) the Federal Rules of Criminal Procedure. (Dkt. 23). Defendant also asserts that his deportation during active criminal proceedings violated multiple federal regulations.

The government agrees that this Court should dismiss the indictment, but seeks dismissal *without* prejudice. The government argues that dismissal with prejudice is unjustified without a showing of prosecutorial misconduct or gross negligence, that deportation did not violate the release order, and that dismissal without prejudice adequately protects Mr. Martinez-Sanchez's constitutional and procedural rights. (Dkt. 29).

## II. LEGAL STANDARD

Because the Court has not identified any case in the Fifth Circuit addressing the standard for dismissal where a defendant is deported during active criminal proceedings, the Court applies our circuit's general rule. The Fifth Circuit has held that "'the supervisory authority of the district court includes the power to impose the extreme sanction of dismissal with prejudice only in extraordinary situations and only where the government's misconduct has prejudiced the defendant.'" *United States v. Swenson*, No. 17-20131, 2018 WL 3264756, at *5 (quoting *United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988)). *See also United States v. Fulmer*, 722 F.2d 1192, 1195 (5th Cir. 1983); *United States*

*v. Campagnuolo*, 592 F.2d 852, 865 (5th Cir. 1979). This is the standard "even in the case of the most 'egregious prosecutorial misconduct.'" *Swenson*, 2018 WL 3264756, at *5 (quoting *United States v. Merlino*, 595 F.2d 1016, 1018 (5th Cir. 1979)).

While the Fifth Circuit "has expressly declined to 'foreclose the possibility that governmental ineptitude and carelessness could be so abhorrent as to warrant a dismissal with prejudice,'" dismissal with prejudice is "rare." *Swenson*, 2018 WL 3264756, at *6 (quoting *Fulmer*, 722 F.2d at 1196). "'[M]ere error or oversight is neither gross negligence nor intentional misconduct.'" *Id.* (quoting *Fulmer*, 722 F.2d at 1195). Even in cases of prosecutorial misconduct, the Fifth Circuit has declined to find actual prejudice in cases where, for example, "misconduct was not of such extremity that the will of [a] grand jury was overborne," *United States v. McKenzie*, 678 F.2d 629, 634 (5th Cir. 1982), or where "a continuance would have remedied any prejudice." *Swenson*, 2018 WL 3264756, at *6.

"Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *United States v. Taylor*, 487 U.S. 326, 342 (1988).

### III. DISCUSSION

The parties agree that this indictment should be dismissed. Mr. Martinez-Sanchez's central claim is that continuing prosecution now that he has been deported would violate his due process rights. (Dkt. 23, at 5–9). The government does not dispute that proceeding to sentencing may risk "constitutional problems," and that the pending indictment should be dismissed (Dkt. 29, at 1). Accordingly the Court agrees with the parties that the pending indictment must be dismissed. The only dispute is whether the indictment should be dismissed with or without prejudice. For the reasons below, the Court finds that dismissal without prejudice is appropriate.

For dismissal with prejudice, Mr. Sanchez-Martinez must show government misconduct that has actually prejudiced him. *See Swenson*, 2018 WL 3264756, at *5 (quoting *Welborn*, 849 F.2d at 985). As noted, even in cases of prosecutorial misconduct, it is "rare" for the Fifth Circuit to find actual prejudice sufficient to merit dismissal with prejudice. *Id.* at *6. For example, the Fifth Circuit has declined to find actual prejudice where "a continuance would have remedied any prejudice." *Id.*

In this case, even assuming without deciding that deportation by ICE in the midst of criminal proceedings constitutes government misconduct,[1] dismissal of the pending indictment will remedy any prejudice to Mr. Martinez-Sanchez in these proceedings.

The Court considers each of the possible grounds for actual prejudice which Mr. Martinez-Sanchez has raised. Mr. Martinez-Sanchez argues that the government has actually prejudiced him by "caus[ing] his absence at his sentencing" and "prevent[ing] him from receiving a timely sentencing." (Dkt. 30, at 2). He further argues that his deportation violates Federal Rule of Criminal Procedure 32 and 43, "prevented the Probation Department from preparing a verified presentence report," and "prevents [him] from having any meaningful attorney-client relationship." (*Id.*) He also asserts that allowing prosecution on the same charge for the same facts in the future would "conflict[] with the Fifth Amendment's protection against double jeopardy." (*Id.*)

First, Mr. Martinez-Sanchez has not been prejudiced at sentencing or by any delay in sentencing. Sentencing has not yet occurred in this case; it is set for July 31, 2018. (Dkt. 21). There is nothing in the record to indicate a delay. Nor will sentencing be held pursuant to the pending

---

[1] While this Court declines to decide on this issue, a sister court has aptly summarized: "The problem here is not that defendant [will be] absent . . . from the jurisdiction, but that two Article II agencies will not coordinate their respective efforts. The Executive, in the person of the Attorney General, wishes to prosecute defendant. The same Executive, in the person of the Assistant Secretary of Homeland Security for ICE, may want to deport him. It is not appropriate for an Article III judge to resolve Executive Branch turf battles. The Constitution empowers this Court to apply the will of Congress upon a criminal defendant on a personal and individualized basis. This Court ought not run interference for the prosecuting arm of the government." *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1180 (D. Or. 2012) (quoting *United States v. Barrera-Omana*, 638 F. Supp. 2d 1108, 1111–12 (D. Minn. 2009)).

indictment, which will be dismissed. As the government notes, dismissal without prejudice will require the government to initiate a new indictment in order to seek to reprosecute Mr. Martinez-Sanchez in this matter, which would re-start the procedural clock and provide him a new opportunity to respond to the charges in consultation with his attorney. (Dkt. 23, at 3–4 (citing *Taylor*, 487 U.S. at 342)). This also remedies any prejudice to Mr. Martinez-Sanchez caused by a compromised attorney-client relationship, or unverified presentence report. The Court bases this analysis on the government's statement that Mr. Martinez-Sanchez will not be reprosecuted in this case unless he illegally enters the United States again in the future. (Dkt. 29, at 4 ("[A]s long as Defendant does not commit another felony by re-entering the United States after removal . . . he will face no consequences at all for the felony charged in this case.")). Thus, although Mr. Martinez-Sanchez's constitutional and procedural rights would indeed be prejudiced by proceeding to sentencing at this time, all of those rights are protected by dismissing the pending indictment without prejudice.

Finally, Mr. Martinez-Sanchez is not at risk of double jeopardy because "jeopardy attaches with the *acceptance* of a guilty plea." *United States v. Sanchez*, 609 F.2d 761, 762 (5th Cir. 1980) (emphasis added) ("[T]he tender of a guilty plea . . . to the offense charged . . . does not require the court to accept it; when a plea agreement has been made between the defendant and the prosecution, the court retains discretion to accept or reject their negotiated disposition."). Although Mr. Martinez-Sanchez has entered a guilty plea, (Dkt. 16), and Judge Austin recommended acceptance, (Dkt. 17), this Court has not yet accepted the plea. Jeopardy has not yet attached in this matter.

In summary, because Mr. Martinez-Sanchez has not met the standard for dismissal with prejudice, the Court will grant the Government's alternative motion to dismiss without prejudice. Any alleged prejudice will be cured by dismissal without prejudice. The government has indicated

that they have no intention of filing a new indictment in this case unless Mr. Martinez-Sanchez subsequently returns to the United States, which is a factor entirely within his control. Finally, even if he does return and the government files a new indictment, Mr. Martinez-Sanchez will be able to raise any claims of then-existing prejudice, such as delayed prosecution, and seek dismissal at that time. Any future prosecution will also be subject to the statute of limitations.

## IV. CONCLUSION

Defendant's Motion to Dismiss with prejudice, (Dkt. 23), is **GRANTED IN PART**. The Government's alternative Motion to Dismiss without prejudice, (Dkt. 29), is **GRANTED**.

Accordingly, **IT IS ORDERED** that the indictment filed on May 1, 2018, (Dkt. 8), is **DISMISSED WITHOUT PREJUDICE**. This case is **CLOSED**.

 

**SIGNED** on July 23, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE